IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ABE LEHI, | ) Civil No. 2:12-CV-00518 BSJ |
| | ) Crim. No. 2:92-CR-00036 AJA |
| Petitioner, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) **& ORDER** |
| | ) |

<table>
<tr><td></td><td>)</td><td rowspan="3">
<strong>FILED</strong><br>
CLERK, U.S. DISTRICT COURT<br>
March 5, 2014 (2:16pm)<br>
DISTRICT OF UTAH
</td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td></tr>
<tr><td style="text-align:center">Respondent.</td><td>)</td></tr>
</table>

\* \* \* \* \* \* \* \* \*

On May 31, 2012, Abe Lehi filed a motion to vacate his guilty plea and sentence and dismiss the Superseding Indictment in his criminal case, footed upon several legal bases not including 28 U.S.C. § 2255.

We have traveled this road before.

**PROCEDURAL HISTORY**

As recounted this court's March 22, 2006 Memorandum Opinion & Order,[1] Abe Lehi is currently serving two consecutive criminal sentences based upon his conviction of the offenses charged in Counts III, IV, VI, XII and XIII of the fifteen-count Superseding Indictment in *United States of America vs. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah), including violations of 18 U.S.C. §§ 2241(b)(1) (aggravated sexual abuse) & 2241(c) (sexual abuse of a child).

That proceeding began with the filing of a Criminal Complaint on January 13, 1992, accompanied by an affidavit alleging that Lehi had sexual relations or sexual contact with a

---

[1](Memorandum Opinion & Order, filed March 22, 2006 (CM/ECF No. 59) in *United States of America v. Abe Lehi,* Case No. 2:92-CR-00036 AJA (D. Utah), at 3-15.)

series of young boys, ranging in age from 5 through 16 years, and had done so with several

victims over a period of several years.  On February 5, 1992, a federal grand jury returned a ten-

count Indictment against Lehi alleging facts reflecting several of those incidents.[2]  On July 8,

1992, a federal grand jury returned a fifteen-count Superseding Indictment against Lehi, alleging

that over a period of time from February 1987 through mid-September 1991, Lehi had sexually

abused several children ranging from seven to fourteen years of age at the time of the alleged

offense conduct.[3]

On September 9, 1992, Lehi entered a plea of guilty to Counts III, IV, VI, XII and XIII

of the Superseding Indictment.[4]  In open court, on the record and under oath, Lehi admitted to the

following offense conduct: (1) that as to Count III, on or about February 1, 1991 and June 30,

1991, he "did knowingly engage in a sexual act with a 10-year-old child, and did attempt to do

so," all in violation of 18 U.S.C. § 2241(c); (2) that as to Count IV, in incidents separate from

Count III, on or about February 1, 1991 and June 30, 1991, he "did knowingly engage in a sexual

act with a 10-year-old child, and did attempt to do so," all in violation of 18 U.S.C. § 2241(c); (3)

that as to Count VI, on or about February 5 and September 28, 1987, he "did knowingly engage

in a sexual act with a 12-year-old child who he had rendered unconscious, and did attempt to do

so," all in violation of 18 U.S.C. § 2241(b)(1); (4) that as to Count XII, on or about September

---

[2](*See* Indictment, filed February 5, 1992 (dkt. no. 1), *United States of America vs. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah).)

[3](*See* Superseding Indictment, filed July 8, 1992 (dkt. no. 18), *United States of America vs. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah).)

[4](*See* Minute Entry, dated September 9, 1992 (dkt. no. 33), *United States of America vs. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah).)

1988 and March 17, 1991, he "did knowingly engage in a sexual act with a child under the age of 12 years, and did attempt to do so," all in violation of 18 U.S.C. § 2241(c); and (5) that as to Count XIII, in incidents separate from Count XII, on or about September 1988 and March 17, 1991, he "did knowingly engage in a sexual act with a child under the age of 12 years, and did attempt to do so," all in violation of 18 U.S.C. § 2241(c).

Lehi executed a written statement in advance of his guilty plea.[5]  In that statement, Lehi acknowledged, among other things, that as to Counts III, IV, XII and XIII, he understood that his sentence would be "imposed pursuant to the provisions of the Sentencing Reform Act of 1984 and the sentencing guidelines promulgated thereunder."[6]  He also acknowledged that as to Count VI, which alleged offense conduct prior to the effective date of the Sentencing Reform Act of 1984 and the Federal Sentencing Guidelines, "the possible penalty provided by law for a violation of 18 U.S.C. § 2241(b)(1), as alleged in Count VI of the Indictment is:"

    a.  Any term of years or life;

    b.  A fine of up to $250,000; or both; and

I also know that the Judge may order sentences on the above count(s) to run consecutively, that is, one after the other, rather than concurrently.[7]

On November 13, 1992, the late United States Senior District Judge Aldon J. Anderson imposed a provisional sentence of life imprisonment on Count VI, and did so pursuant to 18

---

[5](*See* Statement by Defendant in Advance of Plea of Guilty, filed October 1, 1992 (CM/ECF No. 35), in *United States of America vs. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah).)

[6](*Id.* at 2 ¶ 3.)

[7](*Id.* at 2 ¶ 2.)

U.S.C. § 4205(c) (1982) (repealed 1987),[8] to facilitate the further psychological examination and background study of the defendant to assist the court in determining the sentence ultimately to be imposed.[9]

Lehi returned to court on August 24, 1993 for imposition of sentence on all of his offenses of conviction. At the sentencing hearing, Lehi's counsel acknowledged that Lehi's § 4205(d) report "paints . . . a very sorry picture regarding Mr. Lehi and indeed a very sorry prognosis for any recovery from his present affliction, mental affliction of pedophilia,"[10] and requested that as to Count VI, the court impose a minimum term of imprisonment pursuant to 18 U.S.C. § 4205(b)(1) (1982) (repealed 1987).[11] The Government urged the imposition of a

---

[8]Former § 4205(c) provided in part: "If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (d) . . . ." After receiving reports on that study, "the court may in its discretion: (1) place the offender on probation as authorized by section 3651; or (2) affirm the sentence of imprisonment originally imposed; or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from the date of original commitment under this section." *Id.*

[9](*See* Judgment in a Criminal Case, filed November 23, 1992 (dkt. no. 42), in *United States of America vs. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah).)

[10](Transcript of Hearing, dated August 24, 1993, at 4:19-22 (Mr. McPhee).)

[11](*Id.* at 6:13-21 (Mr. McPhee).) Former § 4205(b)(1) provided:

(b)     Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may

(1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become

(continued...)

federal guidelines sentence of 365 months' imprisonment on Counts III, VI, XII and XIII, and a sentence of life imprisonment on Count VI pursuant to 18 U.S.C. § 4205(b)(2) (1982) (repealed 1987).[12]

After hearing from counsel and from Lehi himself, Judge Anderson imposed sentence upon Lehi:

> THE COURT: . . . The sentence is as follows. . . . On counts three, four, 12 and 13 he is sentenced to 365 months. Count six he is sentenced for 30 years to be consecutive to counts three, four, 12 and 13.
>
> Supervised release, should he come out on those terms, he is under supervised release for five years and that will mean that he has to report to the probation office for regulation of his conduct and to give assistance when that may be available for them to provide. That is on three, four, 12 and 13. Count Six does not carry any supervised release. A fine of $5,000 on three, four, 12 and 13 and there is a special assessment of $50 on each count which in this case would total $200. Voluntary surrender, of course, is not approved and the marshals will be charged with returning him to the institution.
>
> Anything further?
>
> MR. McPHEE: Yes, Your Honor. On count six, the 30 years, I heard the Court say consecutive to [that] under three, four, 12 and 13? . . . Did the Court mean he is to do 365 and then 30?
>
> THE COURT: Consecutive means following.
>
> MR. MCPHEE: Thank you.
> Could I know the provision of the code that count was sentenced under?

---

[11](...continued)
> eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court, . . . .

[12](Transcript of Hearing, dated August 24, 1993, at 12:3-16 (Mr. Lambert).) Former § 4205(b)(2) provided that "the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the [United States Parole] Commission may determine."

THE COURT: Count six what?

MR. MCPHEE: The provision of the code, was that 4205(b)(1) or 4205(b)(2) or what provision of the code the Court sentenced him under on count six?

THE COURT: Well, it is pre-guideline under the statute.

MR. LAMBERT: I think he means (b)(1).

MR. MCPHEE: What our confusion is, is under the pre-guidelines under 4205(b)(1) the Court would designate the minimum term of imprisonment.

THE COURT: Well, I have said 30 years.

MR. MCPHEE: Is that to be a minimum term?

THE COURT: That is the minimum term. . . .[13]

The Judgment and Commitment entered on August 25, 1993 set forth Lehi's sentence in these terms:

> Defendant is sentenced to the custody of the Bureau of Prisons for 365 MONTHS as to Counts III, IV, XII, and XIII (Sentencing Guidelines counts). Defendant is sentenced to the Bureau of Prisons for a period of 30 YEARS on Count VI (Pre-Guideline count) pursuant to Title 18 U.S.C. [§] 4205(b)(1) which sentence is to run consecutive to the sentence imposed on Counts III, IV, XII, and XIII."[14]

Lehi did not appeal his conviction or his sentence.

Lehi's conviction and sentence became final upon the expiration of the time for filing of an appeal. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence

---

[13](Transcript of Hearing, dated August 24, 1993, at 14:18-16:7, in *United States of America vs. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah).)

[14](Amended Judgment, filed August 25, 1993 (dkt. no. 48), in *United States of America v. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah).)

become final . . . on the date on which the time for filing such an appeal expired.").[15]

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which among other things, imposed a one-year statute of limitations on the filing of motions for relief pursuant to 28 U.S.C. § 2255, effective as of April 24, 1996. The court of appeals subsequently determined that federal prisoners whose convictions became final on or before April 24, 1996—such as Mr. Lehi—were thus required to file motions pursuant to 28 U.S.C. § 2255 on or before *April 24, 1997*. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003).[16]

Mr. Lehi filed no motion expressly seeking relief pursuant to 28 U.S.C. § 2255 on or before that date. Nor has he filed one since.

---

[15]On December 3, 1993, Lehi's counsel filed a Motion for Correction or Reduction of Sentence under Fed. R. Crim. P. 35 (repealed Nov. 1, 1987), 18 U.S.C. §§ 3651 & 4205 (1982) (repealed Nov. 1, 1987), requesting that Lehi's sentence on Count VI be suspended under § 3651 or alternatively, that an order be entered reducing the sentence on Count VI "and either designating a minimum term at the expiration of which the Defendant shall become eligible for parole, or specifying that the Defendant may be released on parole at such time as the Parole Commission may determine" under 18 U.S.C. § 4205(b)(1) or (b)(2), respectively. ((Motion for Correction or Reduction of Sentence, filed December 3, 1993 (CM/ECF No. 50), in *United States of America v. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah).) The court requested counsel to file a memorandum in support of the Rule 35 motion by January 18, 2004, but it appears that neither Lehi nor his counsel filed such a memorandum or otherwise pursued the matter, and the court took no further action on that motion.

[16]In *United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997) (overruled in part by *Hurst*, 322 F.3d 1256 n.4 (en banc footnote)), the court of appeals concluded that application of the one-year limitations period to bar § 2255 actions by prisoners whose convictions became final before the AEDPA took effect would be impermissibly retroactive. To avoid impermissible retroactivity, such prisoners must be given a reasonable amount of time after the effective date of the statute to bring their actions—and the Tenth Circuit further determined that the statutory one-year period was a reasonable time, thus requiring prisoners whose convictions became final on or before April 24, 1996 to file their § 2255 motions before April 24, 1997. *Hurst*, 332 F.3d at 1261; *Simmonds*, 111 F.3d at 746.

**Lehi's April 17, 2002 "Motion to Correct Judgment"**

Indeed, there was no further docket activity until April 17, 2002, when Lehi filed his "Motion to Correct Judgment" in *United States of America v. Abe Lehi*, Case No. 2:92-CR-36A (D. Utah), which the court *sua sponte* treated *in part* as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (2000) based upon constitutional claims, commencing a parallel civil proceeding captioned as *Abe Lehi v. United States of America*, Civil No. 2:02-CV-00317 BSJ (D. Utah). Explicitly invoking Fed. R. Crim. P. 36 as its legal basis,[17] Lehi's motion raised several questions concerning his sentence and the Judgment entered by the court as reflecting that sentence: (1) whether his total sentence constituted "cruel and unusual punishment" in violation of the Eighth Amendment to the United States Constitution, as well as a denial of due process and equal protection under the Fifth Amendment; (2) whether the Judgment should reflect that his "pre-guidelines" sentence on Count VI began running as of the same date as his "guidelines" sentence, January 13, 1992; and (3) whether the Judgment should be amended to reflect whether he was sentenced on Count VI pursuant to 18 U.S.C. § 4205(b)(1) (1982) (repealed 1987) to serve a minimum thirty-year term of imprisonment, or whether he should be eligible for parole after serving one-third of his thirty-year term as provided by 18 U.S.C. § 4205(a) (1982) (repealed 1987).[18]

_____

[17]Until December 1, 2002, Fed. R. Crim. P. 36 read:

Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

[18]Former § 4205(a) reads:

(continued...)

As such, Lehi sought relief pursuant to Fed. R. Crim. P. 36 from his two consecutive

criminal sentences of 365 months and thirty years, respectively, imposed by Judge Anderson in

August of 1993 under both the Federal Sentencing Guidelines and pre-Guidelines statutory

provisions, arguing that he should have received *one* pre-Guidelines sentence for all of his

offenses of conviction—a sentence for which he would "be eligible for release on parole after

serving one-third of such term"[19] and entitled to release on parole "after having served two-thirds

of each consecutive term or terms"[20] under the pre-Guidelines sentencing statutes.  Lehi

contended that his existing sentences amounted to a denial of Due Process and Equal Protection

guaranteed by the Fifth Amendment, a denial of his right to jury trial under the Sixth

Amendment, and inflicted cruel and unusual punishment in violation of the Eighth Amendment.

On July 11, 2002, the Government filed a response.  The matter was heard by the court on

August 23, 2002, with Richard N.W. Lambert, Assistant United States Attorney, appearing for

the Government, and Abe Lehi, appearing *pro se* by telephone.  The court heard and considered

the arguments of counsel and Lehi, and took the matter under advisement.

On February 18, 2003, the court entered an Order granting in part Lehi's Rule 36 motion:

given the acknowledgment that petitioner's eligibility for parole under his

---

[18](...continued)
(a)　　　Whenever confined and serving a definite term or terms of more than one
year, a prisoner shall be eligible for release on parole after serving one-third of
such term or terms or after serving ten years of a life sentence or of a sentence of
over thirty years, except to the extent otherwise provided by law.

18 U.S.C. § 4205(a) (1982) (repealed 1987).

[19]18 U.S.C. § 4205(a) (1982) (repealed 1987).

[20]18 U.S.C. § 4206(d) (1982) (repealed 1987).

consecutive "pre-guidelines" sentence of thirty years of imprisonment on Count VI of the Superseding Indictment is governed by 18 U.S.C. § 4205(a) (repealed), and not 18 U.S.C. § 4205(b)(1) (repealed), correction of the Judgment in *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36A, is warranted pursuant to Fed. R. Crim. P. 36, and Mr. Lehi's motion is GRANTED to that extent; the reference in the Judgment to sentencing on Count VI is hereby corrected to read "pursuant to Title 18 U.S.C. § 4205(a)"; in all other respects, his motion is DENIED.[21]

Though it seemed apparent that Judge Anderson intended that Lehi serve a minimum term of thirty years' imprisonment on Count VI, (*see* Transcript of Hearing, dated August 24, 1993, at 16:5-8), he did not set a *maximum* term as required for sentencing under former § 4205(b)(1),[22] or for that matter, former § 4205(b)(2).  Absent imposition of a maximum term, this court concluded that Lehi was sentenced under former § 4205(a), and thus *he becomes eligible for parole under his thirty-year pre-Guidelines sentence on Count VI "after serving one-third of such term."*

The court amended Lehi's August 25, 1993 Judgment to reflect the correct statutory reference (18 U.S.C. § 4205(a)).  The court denied all other requested relief, including Lehi's constitutional challenges to his sentence under the Fifth and Eighth Amendments, construed having been raised pursuant to 28 U.S.C. § 2255.

Lehi appealed this court's rulings under Fed. R. Crim. P. 36.  The court of appeals affirmed this court's rulings under Rule 36, rejecting Lehi's assertions that his sentences were concurrent rather than consecutive, and that former § 4205 was "in any way relevant to his

---

[21](Order, filed February 18, 2003 (CM/ECF No. 13), in *Abe Lehi v. United States of America*, Civil No. 2:02-CV-00317 BSJ (D. Utah), at 4.)

[22]Under former § 4205(b)(1), the *minimum* sentence imposed "shall not be more than one-third of the maximum sentence imposed by the court"—requiring the court to fix a *maximum* as well as minimum term in imposing a pre-Guidelines sentence under that provision.

sentences on Counts III, IV, XII and XIII," which involved "conduct which occurred after the Sentencing Guidelines came into effect."  (Order and Judgment, filed November 4, 2003, in *United States of America v. Abe Lehi*, Case No. 03-4089, slip op. at 3 (10th Cir.).)  Lehi did not pursue his Fifth or Eighth Amendment claims on appeal.  (*Id.*)

**Lehi's October 19, 2004 "Motion for Review of a Sentence"**

Lehi attempted to revive his Fifth and Eighth Amendment claims nearly one year later by filing "Defendant's Motion for Review of a Sentence" on October 19, 2004, a motion ostensibly made pursuant to 18 U.S.C. § 3742(a) (2000).

Section 3742(a) reads:

**§ 3742. Review of a sentence**

(a) Appeal by a Defendant.— A defendant may file *a notice of appeal* in the district court for review of an otherwise final sentence if the sentence—
(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563 (b)(6) or (b)(11) [1] than the maximum established in the guideline range; or
(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C.A. § 3742(a) (2000) (emphasis added).

Section 3742(a) serves as the statutory basis for review *by the court of appeals* of a district court's sentencing decisions; it does "not grant jurisdiction to a district court to review a final sentence. . . . The only reference to the district court . . . directs that the notice of appeal must be filed in that court."  *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) (citation

omitted).[23]  Accordingly, this court did not have jurisdiction to consider the merits of Lehi's

motion based on 18 U.S.C. § 3742(a).  *See Jones v. United States*, 214 F. Supp. 2d 780, 783

(E.D. Mich. 2002) (§ 3742(a) "does not authorize the district court to act on a defendant's motion

or other request for the district court to review a defendant's sentence").

The time for a direct appeal from Lehi's conviction and sentence having long ago

expired, the court construed his "Motion for Review of a Sentence" as a motion to vacate, set

aside or correct his sentence under 28 U.S.C.A. § 2255, commencing the civil proceeding

captioned *Abe Lehi v. United States of America*, Civil No. 2:04-CV-969BSJ (D. Utah).

Treated as a § 2255 motion, Lehi's October 19, 2004 motion appeared to be a "second or

successive motion" for such relief, this court having already construed his April 2002 motion in

part as a § 2255 motion.  Under § 2255, as amended in 1996, a "second or successive motion"

may be filed only under specific circumstances:

A second or successive motion must be certified as provided in section 2244 by a
panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light
of the evidence as a whole, would be sufficient to establish by clear
and convincing evidence that no reasonable factfinder would have
found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously

---

[23]*See* S. Rep. No. 98-225, at 149 (1983), *reprinted in* 1984 U.S. Code .Cong. & Admin.
News 3182, 3332.

Section 3742(e) indicates that "[u]pon review of the record, *the court of appeals shall
determine* whether the sentence— (1) was imposed in violation of law; (2) was imposed as a
result of an incorrect application of the sentencing guidelines; (3) is outside the applicable
guideline range . . . ; or (4) was imposed for an offense for which there is no applicable
sentencing guideline and is plainly unreasonable."  18 U.S.C.A. § 3742(e) (2000 & Supp. 2005)
(emphasis added).

unavailable.

28 U.S.C.A. § 2255 ¶ [8] (Supp. 2005).[24]

This court's Order, filed January 10, 2005, denied Lehi's "Motion for Review of a
Sentence" for lack of subject-matter jurisdiction:

> In this case, it appears that Mr. Lehi has not obtained an order from the
> court of appeals authorizing this court to consider his application for further relief
> from his sentence. None has been furnished to this court. Absent such an order,
> this court lacks jurisdiction to consider the merits of Mr. Lehi's motion. *See, e.g.,*
> *U.S. v. Avila-Avila*, 132 F.3d 1347, 1348 (10th Cir. 1997).

(Order, filed January 10, 2005 (CM/ECF No. 4), in *Abe Lehi v. United States of America*, Civil

---

[24]In turn, § 2244(b) provides in pertinent part:

  (A) Before a second or successive application permitted by this section is filed in
the district court, the applicant shall move in the appropriate court of appeals for
an order authorizing the district court to consider the application.

  (B) A motion in the court of appeals for an order authorizing the district court to
consider a second or successive application shall be determined by a three-judge
panel of the court of appeals.

  (C) The court of appeals may authorize the filing of a second or successive
application only if it determines that the application makes a prima facie showing
that the application satisfies the requirements of this subsection.

  (D) The court of appeals shall grant or deny the authorization to file a second or
successive application not later than 30 days after the filing of the motion.

  (E) The grant or denial of an authorization by a court of appeals to file a second
or successive application shall not be appealable and shall not be the subject of a
petition for rehearing or for a writ of certiorari.

  (4) A district court shall dismiss any claim presented in a second or successive
application that the court of appeals has authorized to be filed unless the applicant
shows that the claim satisfies the requirements of this section.

28 U.S.C.A. § 2244(b)(3), (4) (Supp. 2005).

No. 2:04-CV-969 BSJ (D. Utah), at 4.)

Lehi appealed that ruling, seeking a certificate of appealability from the court of appeals, and on February 13, 2006, the court of appeals entered an order denying Lehi's application and dismissing his appeal.  (Order, filed February 13, 2006, in *United States of America v. Abe Lehi*, Case No. 05-4029 (10th Cir.).)

**Lehi's March 6, 2006 Motion**

On March 6, 2006, petitioner Abe Lehi filed "Petitioner's Motion Challenging Only District Court's Failure to Reach Merits of 2255 Motion," asking that this court grant relief in the form of "a Certificate of Appealability on the Rule 36 Motion issue that was inadvertently construed as a 28 U.S.C. § 2255 Motion, in part, then denied absent giving Petitioner a notice and thus an opportunity to withdraw or alter his Rule 36 Motion in part or completely."[25]   In the alternative, Lehi requested "an evidentiary hearing under Rule 8 of the Rules governing 28 U.S.C. § 2255 Motions."  (*Id.*)  Lehi submitted that he made his March 6th motion pursuant to Fed. R. Civ. P. 60(b)(6), as well as recent Supreme Court decisions in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and *Dye v. Hofbauer*, 546 U.S. 1 (2005).  He sought relief from this court's February 18, 2003 Order denying relief on his constitutional claims, those claims having been deemed by the court to have been raised under 28 U.S.C. § 2255 rather than Rule 36.[26]

---

[25](Petitioner's Motion Challenging Only District Court's Failure to Reach Merits of 2255 Motion, filed March 6, 2006 (CM/ECF No. 23), in *Abe Lehi v. United States of America*, Civil No. 2:02-CV-00317 BSJ (D. Utah), at 19.)

[26]Mr. Lehi's March 6th motion asserted that (1) the court had "exceeded its authority in setting as a minimum sentence, which must be served before parole eligibility can be considered, a term of 30 years"; (2) there was inadequate mental health staffing at the Federal Correctional Institution at Lompoc, California at the time of Lehi arrived at that institution for his § 4205(c)

(continued...)

Based upon *Castro v. United States*, 540 U.S. 375 (2003), and in light of a recent order by the court of appeals in a related proceeding, this court granted Lehi's Rule 60(b)(6) motion in part and vacated that portion of this court's February 18, 2003 Order that treated Lehi's constitutional claims as having been raised under 28 U.S.C. § 2255.[27] The court then provided Lehi a written "WARNING" concerning the adverse procedural consequences that may result from the court's recharacterization of his motion as being made, in part, pursuant to 28 U.S.C. § 2255, and offered a choice of three options as to how to proceed.[28]

Mr. Lehi responded in due course, and this court understood him to elect *not* to proceed under 28 U.S.C. § 2255, and this court addressed his request for relief as one made expressly and

---

[26](...continued)
evaluation in 1992-1993; and (3) Lehi's "split sentence" under both the Federal Sentencing Guidelines and former § 4205(a) violated his rights to due process and equal protection under the Fifth Amendment and inflicted cruel and unusual punishment upon him in violation of the Eighth Amendment. He also asserted an entitlement under the Fourteenth Amendment "to have all of his sentence timely imposed prior to the Federal Sentencing Guidelines going into effect," and argues that his "split sentence" under both Guidelines and pre-Guidelines provisions "can only be construed as enhancement" of his sentence, implicating his Sixth Amendment rights in light of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker* (*United States v. FanFan*), 543 U.S. 220, 125 S. Ct. 738 (2005). (*Id.* at 8-9, 9-16.)

[27](*See* Memorandum Opinion & Order, filed March 22, 2006 (CM/ECF No. 24), in *Abe Lehi v. United States of America*, Civil No. 2:02-CV-00317 BSJ (D. Utah).) The court denied Lehi's request for "a Certificate of Appealability on the Rule 36 Motion issue that was inadvertently construed as a 28 U.S.C. § 2255 Motion" because both 28 U.S.C. § 2253 and Fed. R. App. P. 22(b) do not apply to proceedings under Fed. R. Crim. P. 36. Moreover, unless and until Lehi chooses a proper procedural vehicle by which to raise his constitutional claims, no ruling on those claims has been made from which Lehi could perfect any appeal.

[28]Fed. R. Crim. P. 36 deals with correction of "clerical errors" in the court's record, and does not afford Lehi an opportunity to challenge the validity of his sentencing on legal or constitutional grounds. The portion of this court's February 18, 2003 Order that granted relief to Lehi under Rule 36—already affirmed by the court of appeals—remains in full force and effect.

exclusively pursuant to Fed. R. Crim. P. 52(b).[29]

"Ordinarily, Rule 52(b) is invoked by counsel who, *in preparing an appeal*, discover

what they consider to be an error to which they took no objection below. The rule is not so

limited, however, and *the appellate court* may take notice of an error on its own motion though it

is never put forward by counsel." 3A Charles A. Wright, *Federal Practice and Procedure* § 856,

at 338 (emphasis added). "Plain error" is thus a matter for the court of appeals, as was more

recently reaffirmed by the Supreme Court in *United States v. Olano*, 507 U.S. 725 (1993), a case

then cited by Lehi:

> Federal Rule of Criminal Procedure 52(b), which governs on appeal from criminal
> proceedings, provides a court of appeals a limited power to correct errors that
> were forfeited because not timely raised in district court. The Rule has remained
> unchanged since the original version of the Criminal Rules, and was intended as
> "a restatement of existing law." Advisory Committee's Notes on Fed. Rule Crim.
> Proc. 52, 18 U.S.C. App. p. 833.
>
> Rule 52(b) leaves the decision to correct the forfeited error within the sound
> discretion of the *court of appeals*, and the court should not exercise that discretion
> unless the error "'seriously affect[s] the fairness, integrity or public reputation of
> judicial proceedings.'" *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038,
> 1046, 84 L.Ed.2d 1 (1985) (quoting *United States v. Atkinson*, 297 U.S. 157, 160,
> 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)).

507 U.S. at 731, 732 (emphasis added).

In contrast to 28 U.S.C. § 2255, Rule 52(b) does not provide an independent legal basis

for a collateral attack on a final judgment in a criminal case. As the Supreme Court explained in

*United States v. Frady*, 456 U.S. 152 (1982):

> Rule 52(b) was intended to afford a means for the prompt redress of

---

[29](Memorandum Opinion & Order, filed April 24, 2006 (CM/ECF No. 26), in *Abe Lehi v. United States of America*, Civil No. 2:02-CV-00317 BSJ (D. Utah), and (CM/ECF No. 61) in *United States of America v. Abe Lehi*, Case No. 2:92-CR-00036 AJA (D. Utah).)

miscarriages of justice. By its terms, recourse may be had to the Rule only on appeal from a trial infected with error so "plain" the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it. The Rule thus reflects a careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.

Because it was intended for use on direct appeal, however, the "plain error" standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal.

456 U.S. at 163-64 (footnotes omitted).

This court pointed out that "Rule 52(b) affords no jurisdictional basis upon which *this court* may review Lehi's sentence for the constitutional error alleged in Paragraph 5 of his motion, be it 'plain error' or not. As *Olano* and *Frady* indicate, Rule 52(b) 'plain error' remains a matter for the court of appeals."[30] This court denied Lehi's constitutional claims for lack of jurisdiction to consider them.[31]

Mr. Lehi appealed from this court's April 24, 2006 Memorandum Opinion & Order, and on December 12, 2006, the court of appeals dismissed his appeal, explaining that where review of his sentence for plain error is sought, "[a] § 2255 motion provides the proper vehicle for this review. The temporal limits on bringing § 2255 motions cannot be circumvented by dressing up such a motion as a Rule 52(b) motion."[32]

---

[30](*Id.* at 5.)

[31](*Id.* at 5-6.)

[32](Order and Judgment, filed December 12, 2006, in *Abe Lehi v. United States of America*, Case No. 06-4112 (10th Cir.), at 3-4.)

**Mr. Lehi's May 31, 2012 Motion**

On May 31, 2012, Mr. Lehi filed his "Motion for Relief Pursuant to Rule 60(b)(6) Independent Action, F.R.Civ.P., 28 U.S.C. 1651 All Writs Act and 42 U.S.C. § 2000a-6," which the Clerk's Office treated as a motion for relief pursuant to 28 U.S.C. § 2255—as they are often wont to do—commencing yet another parallel civil proceeding captioned as *Abe Lehi v. United States of America*, Civil No. 2:12-CV-00518 BSJ (D. Utah). Mr. Lehi's present motion seeks an order vacating his "unknowing and involuntary guilty plea" and "dismiss[ing] the indictment with prejudice" based upon an array of constitutional and statutory grounds, beginning with ineffective assistance of counsel.

Given the teachings of *Castro v. United States*, 540 U.S. 375 (2003), and its progeny, as well as this court's prior experience with post-conviction motions filed by Mr. Lehi—*none* of which expressly sought relief pursuant to 28 U.S.C. § 2255—this court declines the Clerk's Office's invitation to treat Mr. Lehi's motion as made based upon anything other than the legal footing explicitly asserted, namely Fed. R. Civ. P. 60(b)(6), 28 U.S.C. 1651, and 42 U.S.C. § 2000a-6.

### *Post-Conviction Relief Under Fed. R. Civ. P. 60(b)(6)*

Federal Rule of Civil Procedure 60(b)(6) provides a basis for a party to seek relief from a final judgment in a *civil* case, not a *criminal* case.

> Federal Rules of Civil Procedure 1 and 81 provide that those rules shall apply to all suits of a civil nature, whether cognizable as cases at law or in equity except those specifically excepted. Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

*United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999).[33]

Rule 60(b)(6) may find some application in post-conviction habeas proceedings under 28 U.S.C. § 2255 (federal prisoners) or 28 U.S.C. § 2254 (state prisoners), which are often conducted as civil proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005) (§ 2254 proceedings). But no such habeas proceeding has ever actually been commenced in relation to Mr. Lehi's 1993 criminal judgment. As noted above, to date Mr. Lehi has filed no motion for relief under 28 U.S.C. § 2255.

### Post-Conviction Relief Under 28 U.S.C. § 1651

Mr. Lehi also invokes the All Writs Act, 28 U.S.C. § 1651, which grants courts the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction and agreeable to the usages and principles of law." Yet to the extent that Mr. Lehi is attempting to vacate, set aside, or correct his sentence or otherwise challenge his conviction by means of his motion under 28 U.S.C. § 1651—which plainly he now seeks to do—28 U.S.C. § 2255 remains the proper avenue for a post-conviction challenge. The Supreme Court has instructed that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting

---

[33] Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. Thus, it is well settled that Fed. R. Civ. P. 60(b) does not provide a vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998) (stating that "Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . ."); *United States v. Smith*, 498 F. Supp. 2d 517, 519 (N.D.N.Y. 2007) ("Defendant's claims are an attack of his underlying criminal conviction, and as such Rule 60(b) relief is not available to Defendant.").

*Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)).[34]

### Post-Conviction Relief Under 42 U.S.C. § 2000a-6

42 U.S.C. § 2000a-6 reads:

(a) The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this subchapter and shall exercise the same without regard to whether the aggrieved party shall have exhausted any administrative or other remedies that may be provided by law.

(b) The remedies provided in this subchapter shall be the exclusive means of enforcing the rights based on this subchapter, but nothing in this subchapter shall preclude any individual or any State or local agency from asserting any right based on any other Federal or State law not inconsistent with this subchapter, including any statute or ordinance requiring nondiscrimination in public establishments or accommodations, or from pursuing any remedy, civil or criminal, which may be available for the vindication or enforcement of such right.

"This subchapter" refers to Title 42, Chapter 21, Subchapter II - "PUBLIC

ACCOMMODATIONS," the substance of which is expressed in 42 U.S.C. § 2000a(a):

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

This subchapter originated in Title II of the Civil Rights Act of 1964, *see* Pub. L. 88–352, title II,

78 Stat. 243 (1964). Nothing in Chapter 21, Subchapter II refers to federal correctional

institutions as "places of public accommodation," or otherwise suggests that it serves to grant

federal district courts jurisdiction to set aside federal convictions or sentences independent of the

---

[34]Moreover, that Mr. Lehi's opportunity for relief from his conviction and sentence under § 2255 may long since have been time-barred by the AEDPA does not open the door to equivalent extraordinary relief under § 1651. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001).

provisions of 28 U.S.C. § 2255.

**CONCLUSION**

Thus, none of the legal bases for relief expressly invoked by Mr. Lehi's current motion serve to afford this court the requisite subject matter jurisdiction to consider the substantive merits of his request to vacate and set aside his sentence and dismiss the Superseding Indictment. For that reason, the motion must be denied.

Despite Mr. Lehi's failure either to file a direct appeal or to file a timely and sufficient motion for relief under § 2255, his 1992 conviction and 1993 sentence have already been carefully examined and substantively corrected in prior proceedings and orders of this court. This court's February 2003 order correcting Mr. Lehi's criminal Judgment—and thereby his sentence—was affirmed by the court of appeals in November of 2003, and remains the law of this case.

Therefore,

**IT IS ORDERED** that Mr. Lehi's "Motion for Relief Pursuant to Rule 60(b)(6) Independent Action, F.R.Civ.P., 28 U.S.C. 1651 All Writs Act and 42 U.S.C. § 2000a-6," (CM/ECF No. 1) in *Abe Lehi v. United States of America*, Civil No. 2:12-CV-00518 BSJ (and (CM/ECF No. 62) in *United States of America v. Abe Lehi*, Case No. 2:92-CR-00036 AJA), is hereby DENIED for lack of jurisdiction;

**IT IS FURTHER ORDERED** that Mr. Lehi's corresponding Motion for Appointment of Counsel (CM/ECF No. 2) and Motion for Evidentiary Hearing (CM/ECF No. 3) in *Abe Lehi v.*